Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas, et al., Appellants,

v.

TENNESSEE GAS TRANSMISSION COMPANY, Appellee.

No. 10845.

Court of Civil Appeals of Texas.

Austin.

Dec. 14, 1960.

Rehearing Denied Jan. 4, 1961.

Will Wilson, Atty. Gen., W. V. Geppert, Jack N. Price, Asst. Attys. Gen., for appellants.

Stone Wells, Houston, Cantey, Hanger, Johnson, Scarborough & Gooch, Jack C. Wessler, Gillis A. Johnson, Fort Worth, for appellee.

HUGHES, Justice.

This is a companion suit to Calvert et al. v. Transcontinental Gas Pipeline Corp. et al., 341 S.W.2d 679, this day decided. We refer to our opinion there and adopt it as a part of our opinion here.

This suit is by Tennessee Gas Transmission Company, appellee, and is against the same officials named in Transcontinental and is of the same nature as that case.

After a lengthy nonjury trial the Trial Court entered judgment granting appellee recovery of the protested taxes paid by it under Ch. 22, Title 122A, Arts. 22.01 to 22.-09, V.A.T.S. Tax.-Gen., and decreeing that such Act

"* * * by its terms and operating incidence and as interpreted by Defendants or as in any manner interpreted, and as enforced and sought to be enforced by Defendants against Plaintiff, and in its application to and impact upon Plaintiff is invalid, as the gas purchased and received in Texas by Plaintiff for interstate transmission in that such tax is imposed and rests at last upon an interstate activity and constitutes an undue burden on interstate commerce and same is contrary to and violative of Clause 3 of Section 8 of Article I (The Commerce Clause) of the Constitution of the United States."

Numerous and specific unchallenged findings of fact were made and filed by the Trial Court. In the view we take of the case, as reflected by our opinion in Transcontinental, it is unnecessary that we state the substance of these fact findings. Under our decision in that case, the taxing Act is void as to all severance beneficiaries. This conclusion compels affirmance of the judgment below. It is so ordered.

Affirmed.

GRAY, Justice (dissenting).

I disagree with the conclusion of the majority in this cause for the same reasons stated in my dissenting opinion filed in Calvert v. Transcontinental Gas Pipeline Corp. et al., Tex.Civ.App., 341 S.W.2d 686.

The numerous findings of fact mentioned in the majority opinion, in the main, deal with the method of operation of its business by appellee and are designed to show that the tax in question constitutes a burden on interstate commerce. If the incidence of the tax occurred prior to the time that the transmission of the gas in interstate commerce began then the fact that such transmission occurred with the gas burdened with the tax would not render the Act void. This contention is further answered in my dissenting opinion, supra.

I would reverse the judgment of the trial court and render judgment upholding the Act.